IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Peter Chase, | ) C/A: 6:12-3376-TMC-KFM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Greenville Technical College; Susan N. O'Brien; Patty Amick; Lucy Pulliam; and Keith L. Miller, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant. Plaintiff paid the full $350 filing fee. *See* Receipt No. SCX600006123 (DSC); ECF No. 1. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Plaintiffs' Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Fitzgerald v. First East Seventh*

---

[1] Authority in this district indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se*, non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134, at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). The undersigned is not conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff has paid the filing fee.

*Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous").

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

On November 28, 2012, Plaintiff filed his Complaint, ECF No. 1, against Defendants, his employer, Greenville Technical College ("GTC"), and four GTC staff members. Plaintiff describes this action, in his *Pro se* Party's Answers to Rule 26.01 Interrogatories, ECF No. 4, as involving claims of "slander . .. harassment . . . violation of rights as Americans with Disability Act [sic] . . . sexual misconduct." *See* ECF No. 4, p. 1. Plaintiff seeks monetary damages of "$760,000 including filing fees, & attorney cost." ECF No. 1, p. 8. Plaintiff alleges that, between July 25, 2012 and October 24, 2012, he was involved in a series of interactions, *i.e.* one-on-one meetings with the Defendants, a faculty meeting, classroom observations, and exchanges of correspondence with Defendants, culminating in Plaintiff's being informed by Defendant O'Brien, on October 9, 2012, that Plaintiff's teaching contract would not be renewed for next semester. Plaintiff alleges he has ADHD with severe anxiety. It is not clear if Plaintiff was previously diagnosed with these conditions before this summer and, if so, whether he had previously informed Defendants that he has ADHD and severe anxiety, prior to his meeting with Defendants O'Brien and Pulliam on July 31, 2012, during which he was warned that if his performance

3

did not improve he would not be rehired. *See* ECF No. 1, p. 3-5. Plaintiff alleges that Defendants' "false accusations and statements . . . ha[ve] created a hostile work environment and ha[ve] slandered [Plaintiff's] name . . . [and are] a hindrance to [Plaintiff's] career by making [his] work situation impossible, uncomfortable, emotionally and physically unhealthy, and threatening [his] future due to the fact that [Plaintiff] take[s] medication for ADHD." ECF No. 1, p. 5. Plaintiff alleges that "[d]espite [his] efforts and cooperation [he] ha[s] been unable to remove the barriers that prevent [him] from continuing [his] career as an educator due to the harassment and discrimination by this institution towards [his] disability." *Id.*

Plaintiff made no allegation in his Complaint that, prior to filing this action in this Court, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC"), and Plaintiff did not attach a copy of an EEOC or SCHAC administrative complaint or right-to-sue letter to his Complaint. Accordingly, on November 29, 2012, the undersigned issued a proper form Order with Special Interrogatories, ECF No. 8, requiring Plaintiff to advise the Court as to whether he had contacted the EEOC or SHAC to initiate a complaint regarding his employment allegations in this case and, if so, the result and date of that contact or complaint. *See* ECF No. 8-1. On December 10, 2012, Plaintiff submitted his sworn Answers to the Court's Special Interrogatories, ECF No. 10, in which he stated that he contacted the EEOC on December 6, 2012 and received a right-to-sue letter on that same date. Plaintiff submitted a copy of his EEOC right-to-sue letter, which is date-stamped December 6, 2012. *See* ECF Nos. 10, 10-1.

4

## DISCUSSION

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") creates a federal cause of action for employment discrimination based on race, color, religion, sex, or national origin. Under Title VII it is an unlawful employment practice for an employer -

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. 2000e-2(a).

The Americans With Disabilities Act, 42 U.S.C. § 12101-12213 ("ADA") prohibits discrimination in employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services against individuals on the basis of a mental or physical disability. When an individual asserts a disability discrimination claim, the ADA provides that:

> The powers, remedies, and procedures set forth in sections [42 U.S.C. §] 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title [*i.e.* Title VII] shall be the powers, remedies, and procedures this subchapter provides to the [Equal Employment Opportunity] Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

42 U.S.C. § 12117(a).

Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 138 (4th Cir. 1995) (citing § 2000e-5(b)).  The EEOC must then decide whether it will bring a claim in federal court or if it will issue a right-to-sue letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.*  A plaintiff's claim with the EEOC "defines the scope of her subsequent right to institute a civil suit."  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.  *Id.  See also EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979).  Thus, an ADA or Title VII plaintiff must first exhaust administrative remedies by bringing a charge of discrimination with SCHAC or EEOC, before filing a claim in federal court.[2]  *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005).  *But see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), in which the United States Supreme Court held, in the context of a Title VII claim, that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court,

---

[2] The ADA and Title VII establish two possible limitation periods for filing a timely discrimination charge with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1).  The standard limitations period for filing a charge is 180 days after the alleged unlawful employment practice.  *Id*.  The limitations period for a discrimination charge is extended to 300 days, however, when state law proscribes the alleged employment practice and the charge has initially been filed with a state or local deferral agency.  Many states and localities have agencies that enforce laws prohibiting employment discrimination.  EEOC refers to these agencies as Fair Employment Practices Agencies ("FEPAs").  In South Carolina, the state law is the South Carolina Human Affairs Law, S.C. Code § 1-13-10 *et seq.* ("SCHAL"), and the state FEPA is the SCHAC.

but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[3]

The instant Complaint does not allege that Plaintiff received, or was entitled to, a right-to-sue letter prior to his filing of this case on November 28, 2012. Plaintiff's sworn Answers to the Court's Special Interrogatories establish that Plaintiff did not obtain a right-to-sue letter until December 6, 2012, a week after Plaintiff filed the instant case. Furthermore, it does not appear that Plaintiff could have been entitled to a right-to-sue letter before November 28, 2012, because he alleges that he did not initiate contact with the EEOC until December 6, 2012. In the context of a Title VII claim, the Fourth Circuit Court of Appeals has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d. at 140. *See also Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("*After* a charge is properly filed with the EEOC, the aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter.") (emphasis added). Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d. at 140 (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). The Fourth Circuit recently reaffirmed that "failure by the plaintiff to exhaust administrative remedies concerning a Title

---

[3] In *Jones*, the Fourth Circuit noted that, in *Zipes*, the Supreme Court held only that the *untimeliness* of an administrative charge does not affect federal jurisdiction over a Title VII claim and that *Davis* had noted that the holding in *Zipes* was so limited. *See Jones*, 551 F.3d at 300 (citing *Davis*, 48 F.3d at 138-40).

7

VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones*, 551 F.3d at 300 (citing *Davis*, 48 F.3d. at 138-40).

In the instant case, it is clear from Plaintiff's Complaint and Answers to the Court's Special Interrogatories that Plaintiff failed to exhaust his administrative remedies by filing a charge of discrimination with the EEOC or the SCHAC before filing the instant case. There may be some question, under Fourth Circuit precedent, whether Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction or simply constitutes a failure to comply with a jurisdictional prerequisite. *Compare Jones*, 551 F.3d at 300, *with Davis*, 48 F.3d at 140. Nonetheless, all of the precedential authority in the Fourth Circuit makes clear that a plaintiff who files an ADA or Title VII claim in federal court without first exhausting administrative remedies fails to properly invoke the jurisdiction of the district court. *See Jones*, 551 F.3d at 300; *Davis*, 48 F.3d at 140. Accordingly, Plaintiff's Complaint should be summarily dismissed without prejudice. Because federal jurisdiction does not exist in this case, supplemental jurisdiction for any other alleged state law claims asserted by Plaintiff does not exist. *See* 28 U.S.C. § 1367(a); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## RECOMMENDATION

For the foregoing reasons, it is recommended that the instant Complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

December 13, 2012                                         s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).